IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| STEVE R. LANE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | * | No. 5:16CV00187-JJV |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Steve Lane, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.    BACKGROUND**

On March 13, 2012, Mr. Lane protectively filed for benefits due to a combination of impairments. (Tr. 134-135, 155.) His claims were denied initially and upon reconsideration. At Mr. Lane's request, an Administrative Law Judge ("ALJ") held a hearing on September 10, 2014, where Mr. Lane appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Lane, and a vocational expert. (Tr. 31-50.) The ALJ issued a decision on January 12, 2015, finding that Mr. Lane was not disabled under the Social Security Act. (Tr. 13-24.) The Appeals Council denied Mr. Lane's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3.)

Mr. Lane, who was forty-one years old at the time of the hearing, has an eighth grade education and past relevant work as a welder and supply clerk material handler. (Tr. 33, 22.)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Mr. Lane had not engaged in substantial gainful activity since March 13, 2012, and he had the following severe impairments: back disorder and migraines. (Tr. 15.) However, the ALJ found Mr. Lane did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17-18.) According to the ALJ, Mr. Lane has the residual functional capacity ("RFC") to do the full range of sedentary, semi-skilled work. (Tr. 18.) Based on his RFC, the ALJ determined he was no longer able to perform any of his past relevant work. (Tr. 23.) But utilizing the Guidelines and the vocational expert's testimony, the ALJ determined Plaintiff could perform the jobs of Label Pinker and Table Worker. (Tr. 23-24.) Accordingly, the ALJ found Mr. Lane was not disabled.

## III.    ANALYSIS

### A.     Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2] 420 C.F.R. §§ 416.920(d), 416.925, and 416.926.

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

### B.    Mr. Lane's Argument for Reversal

Mr. Lane asserts the Commissioner's decision should be reversed because the ALJ erred (1) in finding his depression was non-severe, and (2) in the credibility analysis. (Doc. No. 12 at 7-11.)

#### 1.    Depression

Plaintiff believes the ALJ's conclusion that his depression is non-severe is not supported by substantial evidence. (Doc. No. 12 at 7-9.) I agree.

The ALJ stated, "The claimant's medically determinable mental impairment of mood disorder, NOS does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and therefore is non-severe." (Tr. 16.) The ALJ provided a fairly lengthy explanation of why he came to this conclusion (Tr. 16-17), but I find the analysis flawed for two reasons.  First, I disagree with the ALJ's analysis of Dr. Spellmann's examination. (*Id.*) And second, as Plaintiff argues, the ALJ incorrectly concluded that Plaintiff's pain was improving.

Charles M. Spellmann, Ph.D., completed a Mental Diagnostic Evaluation of Plaintiff (Tr. 317-321) and came to a much different conclusion than did the ALJ.  Dr. Spellmann was very specific about the impact of Plaintiff's pain-induced depression.  He noted Plaintiff had visible difficulty walking and otherwise moving around. (Tr. 318.) He noted his "Mood was depressed" and "Affect was sad and frustrated." (*Id.*) He stated, "Thought content was appropriate.  This man does frequently think about killing himself because of the hopelessness of his situation and the abiding pain in which he has to deal with." (*Id.*) With regard to Plaintiff's adaptive functioning, Dr.

---

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Spellmann wrote, "Mental impairments do not interfere with his day to day adaptive functioning. His pain is what causes his inability to do much of anything. As a result of his pain, he is not only unable to do things but has severe depression." (Tr. 320.) With regard to Plaintiff's ability to cope with the typical mental/cognitive demands of work, Dr. Spellmann reported, "He can cope with the cognitive demands of work like tasks provided that his pain is controlled. However, so far they have not controlled his pain." (Tr. 321.) He further noted, his pain would make it difficult for him to sustain concentration on tasks, sustain persistence in completing tasks, and completing tasks within an acceptable time frame. (*Id.*) Although Dr. Spellmann noted these significant difficulties, the ALJ discounted his opinions. In doing so, the ALJ stated, ". . . because the claimant has recently reported improvement in pain levels, the corresponding limitation in the residual functional capacity found by the undersigned is less than what Dr. Spellman [*sic*] indicated." (Tr. 20.) However, as Plaintiff correctly points out, the evidence of record fails to support a conclusion that his pain was improving. The ALJ relied on Exhibits 9F (treatment notes from the Drew Memorial Hospital) and 10F (treatment notes from the Monticello Medical Clinic) in coming to this conclusion. However, as Plaintiff argues, Exhibit 10F fails to state anything about Plaintiff's pain improving. (Tr. 369-373.) And Plaintiff also correctly argues that any improvement from physical therapy (Tr. 356-358) was temporary as the noted improvement was almost a year *before* Dr. Spellmann examined Plaintiff.

Accordingly, I find the ALJ's conclusion that Plaintiff's depression was non-severe is not supported by substantial evidence. The case must, therefore, be remanded for further assessment of Plaintiff's depression.

      2.      Credibility Analysis

Mr. Lane argues that the ALJ's credibility analysis is flawed because it was "not grounded

in the evidence" for the reasons previously discussed, and failed to properly consider his frequent migraines. (Doc. No. 12 at 9-10.) I agree that, based on the previous discussion *supra*, it naturally follows that the credibility determination is not supported by substantial evidence. On remand, the Commissioner should address these concerns raised by Mr. Lane.

### IV.  CONCLUSION

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not sufficiently address Mr. Lane's depression. For this reason, Court REVERSES the decision and REMANDS the case to the Commissioner for full development of limitations posed by Plaintiff's depression.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 30th day of November, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE